UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Cr. No. 08-30 (JR) |
| : | |
| : | Violations: |
| : | 18 U.S.C. § 1343 (Wire Fraud) |
| v. : | |
| : | |
| : | |
| **WILLIAM H. ASHLEY,** : | |
| : | |
| Defendant : | |
| : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

### BACKGROUND

Mr. Ashley was a sales associate at the Washington, D.C. branch of J. Press, a clothing store at 1801 L Street, NW, Washington, D.C., from November 1988 until October 2006. He had keys to the store and knowledge of the store's security codes.

Ashley used his knowledge of J. Press's computer credit-card processing system to embezzle hundreds of thousands of dollars from J. Press. Ashley gave himself refunds or credits on his Visa debit card for purchases he had not made, and he took active steps to hide his scheme from J. Press. Thus, Ashley put over $300,000 in charges on his American Express card to hide over $500,000 in credits he was giving himself on his Visa card. To accomplish his scheme, Ashley sent credit card information over interstate wires, often several times a day. In this way, he was able to embezzle over $200,000 from his employer.

For example, in February 2006, Ashley made the following charges to his American Express card and gave himself the following credits to his Visa debit card:

| Date | Visa Credits | Amex Charges |
| --- | --- | --- |
| February 1, 2006 |  | $452.75 |
| February 2, 2006 | $630.00 and $602.75 |  |
| February 3, 2006 |  | $363.25 |
| February 4, 2006 |  | $$898.75 |
| February 6, 2006 | $898.75 and $363.25 |  |
| February 13, 2006 | $440.18 | $261.20 |
| February 14, 2006 | $352.94 and $261.20 | $194.32 |
| February 16, 2006 |  | $691.61 |
| February 17, 2006 | $1,790.15 | $884.33 |
| February 18, 2006 |  | $350.56 |
| February 21, 2006 | $884.33 and $350.56 | $299.27 and $445.25 |
| February 22, 2006 | $445.25 and $299.27 | $71.38 |
| February 23, 2006 | $1,723.32 |  |
| February 25, 2006 |  | $432.71 |
| February 27, 2006 | $432.71 and $197.50 |  |
| February 28, 2006 | $1,745.25 | $164.97 |

As a result, for the month of February 2006 alone, Ashley credited his Visa debit card $11,417.41 from J. Press; and, to hide his scheme from his employer, he charged $6,173.35 in J. Press charges on his American Express charge card. In doing so, he was able to embezzle $5,244.06 from J. Press in February 2006 alone.

Ashley perpetuated his scheme to defraud J. Press for more than six years; and, as a result, he was able to embezzle more than $200,000 from his employer through his wire-fraud scheme.

## GOVERNMENT'S POSITION ON SENTENCING

**I.   Mr. Ashley Deserves a Significant Punishment Under the Guidelines.**

The parties have stipulated, and the Probation Office has found, that Mr. Ashley has a guidelines level of 16 under the United States Sentencing Guidelines. That level calls for a sentence of 21 to 27 months of incarceration. The parties agreed not to seek a departure under the guidelines. Plea Agreement at 3. The parties further agreed "that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a)." Id.

**II.  Mr. Ashley Deserves a Significant Punishment Under Section 3553.**

The government respectfully submits that the factors under Title 18, Section 3553(a) independently support a sentence within the guidelines range.

A. <u>Nature of the Offense</u>

Mr. Ashley used his skills and his knowledge of his employer's computer and billing systems to embezzle more than $200,000 over a <u>six-year period</u>.

But that total—even though it represents an extraordinarily large amount of money to most people in our community—does not fully represent the nature of Mr. Ashley's offense.

A more accurate way of considering Mr. Ashley's crimes is to focus on what he did on a <u>day by day</u> basis. Every day Mr. Ashley went to work, he had the choice to steal or to give an honest day's work without stealing. There are few employees who would prefer not to earn more money or have greater benefits, and there are few employees who are entirely satisfied with their employer. But that does not make stealing acceptable.

When Mr. Ashley went to work, he made the wrong choice. He made the wrong choice repeatedly. In fact, between January 2000 and October 2006, Mr. Ashley fraudulently credited his Visa card **777 times** during 570 work days. On 117 work days, Mr. Ashley fraudulently credited his Visa card more than once during the work day.

Although he shows appropriate regret now, after being apprehended, his actions <u>during</u> his six-year scheme were not those of someone who was temporarily at fault or who saw the error of his ways and pulled back. Those were the actions of someone <u>committed</u> to stealing from his employer on a weekly, if not daily, basis; someone who stole from his employer during <u>40 percent</u> of the days he showed up to work.[1]

B. <u>History and Characteristics of the Defendant</u>

Mr. Ashley grew up in a loving, intact, two-parent home and experienced a normal, happy childhood. His parents reinforced the importance of education, and Mr. Ashley was well provided for emotionally and financially.

Mr. Ashley has the love of his wife, children, and grandchildren.

Mr. Ashley has no drug or alcohol problems.

---

[1] There are approximately 240 work days in a year, which means Mr. Ashley had approximately 1400 work days between January 2000 and October 2006.

At the time of this scheme, Mr. Ashley was working at J. Press in a position he had held for years. Moreover, after being fired by J. Press when the scheme was discovered, he showed his employability by getting a job at Burberry, where he has been earning more than he earned when he was at J. Press. He did not have to stay at J. Press if he was dissatisfied with its benefits policies; he is someone who plainly had the capacity to find jobs in retail with a solid income.

Put differently, Mr. Ashley was not raised in a single-parent home. His parents were not indifferent to him or to his education, and he did not drop out before finishing high school. He was not surrounded by people fighting drug addiction, struggling to make utility payments, or both; instead, he was surrounded by people who can afford clothing at a high-end haberdashery. In short, unlike many of the defendants sentenced by the Court, there is nothing in Mr. Ashley's history or characteristics to mitigate or justify his conduct in this case.

C. The Need for the Sentence to Reflect the Seriousness of the Offense

A sentence within the guidelines range would reflect the seriousness of Mr. Ashley's conduct and would provide just punishment for his actions.

D. The Need for the Sentence to Afford Adequate Deterrence

A sentence within the guidelines range would serve as an important deterrent to other public and private employees who might be considering whether to steal from their employers.

E. The Need to Provide the Defendant Educational or Vocational Training.

Unlike many of the defendants routinely sentenced by the Court, Mr. Ashley does not need for his sentence to include any educational or vocational training. Mr. Ashley graduated from the University of Virginia with a Bachelors of Arts in French and completed one year of graduate school in French literature.

## CONCLUSION

The United States respectfully requests that the Court sentence Mr. Ashley within the guidelines range, and in accordance with the factors articulated in 18 U.S.C. § 3553(a), to punish him for his conduct and to deter others who might consider embezzling from their employer.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, NW
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov